# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Raymond P. Moore

Civil Action No.: 17-cv-00455-RM-KLM

ACACIA INVESTMENT GROUP, LLC,

    Plaintiff,

v.

OWNERS INSURANCE COMPANY,

    Defendant.

---

**ORDER**

---

This matter is before the Court on Non-Parties Coordinated Construction Services, Inc. and Laura Haber's (the "Non-Parties") "F.R.C.P. 72(a) Objection to Magistrate's Minute Order (Docket No. 51)" (the "Objection") (ECF No. 52), objecting to Magistrate Judge Kristen L. Mix's order requiring Ms. Haber to produce her "criminal history and arrest information in Florida." The Non-Parties argue the order is clearly erroneous and contrary to Florida's criminal record sealing statute F.S.A. 943.059.

Where a party timely objects to a Magistrate Judge's ruling on a nondispositive matter, the Court must consider such objections and "modify or set aside any part of the order that is clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); *Hutchinson v. Pfeil*, 105 F.3d 562, 566 (10th Cir. 1997). Thus, objections will be overruled unless the Court finds that the Magistrate Judge abused his or her discretion or, if after viewing the record as a whole, the Court is left with a definite and firm conviction that a mistake has been made. *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988). The district judge need not, however,

consider arguments not raised before the magistrate judge as they are generally treated as waived.  *See United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001) ("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived.")

In this case, the Court's review of the transcript of proceedings before the Magistrate Judge shows she heard Non-Parties' counsel's oral arguments "about what he assumes the law is" concerning Ms. Haber's Florida court-sealed records.  (ECF No. 52-5, page 20.)  Further, the Magistrate Judge found counsel failed to present anything in the written Motion to Quash (ECF No. 45) that cited to the law or otherwise provided information that such documents may not be produced by Ms. Haber.  Accordingly, after concluding that the information sought is relevant, the Magistrate Judge ordered the criminal history information at issue produced.

In the Objection before this Court, Non-Parties apparently contend they argued the relevant Florida statutes before the Magistrate Judge.  The record, however, shows any argument was insufficient.  First, the Non-Parties' Motion to Quash contained a conclusory one sentence reference that "Ms. Haber's criminal record in Florida was sealed by Court Order," without citation to any legal authority or an explanation of how or why such sealing would preclude the production of such information in this case.  (ECF No. 45, page 4, ¶9.c.)  Exhibit 2 (consisting of the 2-page order from the Florida court) to the Motion to Quash does reference Section 943.059 of the Florida Statutes, but it is not the obligation of the courts to hunt through the record or to make a non-party's arguments for it or her.  *See Mitchell v. City of Moore*, 218 F.3d 1190, 1199 (10th Cir. 2000) ("The district court was not obligated to comb the record in order to make [plaintiff's] arguments for him.")  Instead, Non-Parties' reference to Section 943.509 (and what

it allegedly provided or precluded) first came during the hearing.  On this record, the Magistrate Judge's order was neither clearly erroneous nor contrary to law.

Moreover, Non-Parties' belated citations to the Florida statutes now in the Objection do not save the day.  Such citations should have been provided to the Magistrate Judge in the first instance.[1]  Accordingly, it is

**ORDERED** that Non-Parties Coordinated Construction Services, Inc. and Laura Haber's "F.R.C.P. 72(a) Objection to Magistrate's Minute Order (Docket No. 51)" (ECF No. 52) is **OVERRULED**; and it is

**FURTHER ORDERED** that the Magistrate Judge's Minute Order (ECF No. 51) concerning Laura Haber's criminal history and arrest information in Florida is **ACCEPTED** as an order of this Court; and it is

**FURTHER ORDERED** that Laura Haber's (f/k/a Angela Laura Haber) criminal history and arrest information in Florida shall be produced on or before **October 19, 2017**.  However, as the Magistrate Judge stated during the proceeding, whether such information can be used as evidence in this case is another issue and one that remains undecided.

DATED this 12th day of October, 2017.

BY THE COURT:

RAYMOND P. MOORE
United States District Judge

---

[1] The Objection references the "order sealing the records with accompanying documents" but the record contains no such accompanying documents.  (ECF No. 52, page 3.)