**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No.: 17-cv-00455-RM-KLM

ACACIA INVESTMENT GROUP, LLC,

    Plaintiff,

v.

OWNERS INSURANCE COMPANY,

    Defendant.

---

## ORDER
---

This matter is before the Court on Coordinated Construction Services, Inc. and Laura Haber (collectively, the "Non-Parties") Motion for Stay Pending Appeal (the "Motion for Stay") (ECF No. 62). In the Motion for Stay, Non-Parties request a stay of this Court's Order (ECF No. 54) overruling Non-Parties' Objection to the Magistrate Judge's order requiring Ms. Haber to produce her "criminal history and arrest information in Florida." The Non-Parties represent the Motion for Stay is opposed by Defendant. Plaintiff has filed a Notice (ECF No. 64) advising it opposes the Motion for Stay if it would necessitate the extension of any deadlines. Defendant has not yet filed any response, but the time to do so has not expired. The Court, however, finds no further briefing is necessary; therefore, it rules based on the record at hand. *See* D.C.COLO.LCivR 7.1(d) ("Nothing in this rule precludes a judicial officer from ruling on a

motion at any time after it is filed."). Upon consideration of the Motion, the relevant parts of the court record, and the applicable law, and being otherwise fully advised, the Motion is DENIED.

In ruling on a motion for stay pending appeal, the court applies the same standards used when ruling on a motion for preliminary injunction. *See Warner v. Gross*, 776 F.3d 721, 728 (10th Cir. 2015). Thus, the court determines whether the movant has shown: (1) a substantial likelihood of success on the merits; (2) irreparable harm; (3) the movant's threatened injury outweighs injury to the opposing party; and (4) the injunction would not be adverse to the public interest. *New Mex. Dep't of Game & Fish v. U.S. Dep't of Interior*, 854 F.3d 1236, 1246 (10th Cir. 2017).

Starting with the first factor, Non-Parties contend they have a likelihood of success on the merits as the Florida Statute, F.S.A. § 943.059, allows Ms. Haber to lawfully deny the existence of the criminal information at issue. As shown by the record, however, the fact that such information exists, and where it may be found, is already in the public domain. Regardless, upon review of the record relevant to the appeal, the Court finds Non-Parties have not met this factor. Here, at issue is the Court's Order overruling Non-Parties' objection to the Magistrate Judge's order denying their Motion to Quash. There, the Court issued its Order only after reviewing the record, including the transcript. That Order is buttressed by a comparison of Non-Parties' arguments in their Motion for Stay with that of their Motion to Quash: the documents further highlight the deficiency of the latter motion, and why the Magistrate Judge was correct in her order. As the Court finds Non-Parties fail to meet their burden in showing the first factor, it need not address the remaining factors. *See Diné Citizens Against Ruining our Environment v. Jewell*,

839 F.3d 1276, 1281 (10th Cir. 2016) ("each of these elements is a prerequisite for obtaining a preliminary injunction").

Based on the foregoing, the Motion for Stay Pending Appeal (ECF No. 62) is **DENIED**.

DATED this 25th day of October, 2017.

BY THE COURT:

RAYMOND P. MOORE
United States District Judge